IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                          3:13-cr-0285-HZ

               Plaintiff,                          OPINION & ORDER

    v.

GARY CHARLES TANNER, JR.,

               Defendant.


Amy Potter
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

       Attorney for Plaintiff

Elizabeth G. Daily
Office of the Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

       Attorney for Defendant


1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

The Government opposes Defendant's motion. For the reasons that follow, the motion is denied.

## BACKGROUND

On November 5, 2014, Defendant pleaded guilty to transporting a minor under the age of

18 in interstate commerce for the purpose of engaging in prostitution in violation of 18 U.S.C.

§§ 2, 2423(a), and 2423(e). Pet. & Order Entering Guilty Plea, ECF 90. The Court sentenced

Defendant to a 168-month term of imprisonment and a five-year term of supervised release. J. &

Commitment, ECF 107. At the time of filing, Defendant had served approximately 58% of the

sentence imposed and his projected release date was June 1, 2025. Def. Mot. 4, ECF 122; Gov.

Resp. 3, ECF 129. Defendant is currently serving his sentence at FCI Terminal Island.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has

been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With

the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however,

Congress authorized the district court to modify a defendant's sentence on a motion for

compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier may reduce the term of imprisonment . . .
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [ . . . ]
>
> and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons, as determined by the Director of the BOP, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)-(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## DISCUSSION

Defendant is 44 years old. In 1997, he was seriously injured as a passenger in a rollover car accident. He suffered a traumatic brain injury and collapsed left lung. Def. Ex. A, at 1-2, ECF 125. Defendant also suffers from hypertension and has high cholesterol, although he has not been officially diagnosed with hyperlipidemia. Gov't Ex. 1, at 35, 57, 87, ECF 132. He tested positive for COVID-19 in early May. Def. Ex. K, at 31, ECF 142. Although the only symptoms

Defendant experienced while infected were loss of taste and smell, he recently began reporting difficulty breathing and has been prescribed an inhaler by health services. *Id.* at 10; Gov't Ex. 1, at 43-45. He argues that his medical conditions, combined with the pandemic and particular vulnerability of prisoners, provide extraordinary and compelling reasons to reduce his sentence. Defendant further argues that he requires greater medical care than the Bureau of Prisons ("BOP") can provide for him during the pandemic, and that the BOP will not be able to prevent him from becoming reinfected with COVID-19.[1] The government argues Defendant has failed to demonstrate extraordinary and compelling circumstances, and that a reduction in sentence is inappropriate because Defendant is a danger to the community.

As a preliminary matter, the Court acknowledges that we are in the midst of a global health crisis. The Court also acknowledges that prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life.[2] Nevertheless, the Court cannot find that Defendant has met his burden to show that extraordinary and compelling reasons exist to warrant a reduction of his sentence.

According to the CDC, older adults and people with certain underlying medical conditions are more likely to become severely ill from COVID-19.[3] These conditions include "serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies,"

---

[1] Defendant appears to have met the exhaustion requirement of the statute as 30 days have passed since he submitted his request for compassionate release to the Warden in June 2019. *See* 18 U.S.C. § 3582(c)(1)(A). The Government does not address this issue.

[2] *Guidance for Correctional & Detention Facilities*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctinal-detention.html (last updated July 22, 2020).

[3] *People at Increased Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html  (last updated Sept. 11, 2020).

cancer, chronic obstructive pulmonary disease, type-2 diabetes, and obesity.[4] The CDC has also identified conditions that *might* increase the risk for severe illness from COVID-19.[5] These conditions include asthma (moderate-to-severe), hypertension or high blood pressure, type-1 diabetes, and smoking.[6]

Defendant is understandably concerned about his exposure to COVID-19, a virus that thrives in crowded, confined spaces and has disproportionally impacted people of color.[7] However, "[t]he fact of the matter is that many prisoners—and many members of the general public—have some condition that elevates their COVID-19 risk as compared to a healthy young person." *United States v. Jackson*, No. 3:09-CR-00170-1-MO, 2020 WL 3889701, at *2 (D. Or. July 9, 2020). Here, Defendant, at 44, is younger than the high-risk group identified by the CDC, and the evidence is mixed as to hypertension. Despite Defendant's assertions to the contrary, the record indicates that the BOP is adequately caring for his recent complaints of shortness of breath and fatigue, as well as his other health issues. *See*, *e.g.*, Def. Ex. K; Gov't Ex. 1., at 20-22, 24-25, 31-38, 57-59.

---

[4] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Sept. 11, 2020).

[5] *Id.*

[6] *Id.* Conditions listed as likely to increase the risk of severe illness from COVID-19 are supported by the "strongest and most consistent evidence," defined as "consistent evidence from multiple small studies or a strong association from a large study." *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention, https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last updated July 28, 2020). Conditions that may increase the risk for severe illness from COVID-19 are supported by mixed evidence, defined as "multiple studies that reached different conclusions about risk associated with a condition," or limited evidence, defined as "consistent evidence from a small number of studies." *Id.*

[7] *Health Equity Considerations and Racial and Ethnic Minority Groups*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last updated July 24, 2020).

Although FCI Terminal Island had a major outbreak at the beginning of the pandemic, the situation now appears to be generally well controlled; as of September 22, 2020, with a population of 881 inmates, the facility is reporting that no inmates and only two staff member are currently infected.[8] These circumstances are not so compelling or extraordinary as to justify Defendant's release. *See Jackson*, 2020 WL 3889701, at *2 (finding threshold for compassionate release was not met where 48-year-old man with asthma was in a facility with no confirmed COVID-19 cases among inmates and isolated staff infections that appeared under control). Because Defendant has failed to show extraordinary and compelling reasons for his release, the Court need not reach the § 3553(a) factors and finds that a reduction in sentence is not appropriate.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [109] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.


DATED:＿＿October 13, 2020＿＿＿.



MARCO A. HERNÁNDEZ
United States District Judge

---

[8] *Population Statistics*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/population_statistics.jsp (last updated Sept. 17, 2020); *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 22, 2020).